```
___ FILED              ___ RECEIVED
___ ENTERED            ___ SERVED ON
          COUNSEL/PARTIES OF RECORD

         DEC 2 8 2010

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| DENNIS DUNCAN et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 3:09-cv-00632-RCJ-VPC |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out the foreclosure of Plaintiffs' mortgages on several investment properties. Pending before the Court are eight motions: five motions to dismiss, a motion to remand, a motion to stay, and a motion to amend. Plaintiffs have not responded to the motions to dismiss but have filed notices that they intend not to respond until their motion to remand is resolved.[1] For the reasons given herein, the Court grants the motions to dismiss in part and denies them in part, denies the motions to remand and to amend, and denies the motion to stay as moot.

## I.    FACTS AND PROCEDURAL HISTORY

The eighty-seven page form Complaint consists largely of generalized grievances about the mortgage and banking industries. There are some relevant facts pled therein, however

---

[1]This constitutes consent to granting the motions. *See* L.R. Civ. Prac. 7-2(d). Plaintiffs filed a global response to the present motions on December 10, 2010, but that response addresses only the issues of remand, amendment, and equitable tolling under Nevada Revised Statutes section 598D.100.

1  (beginning on page 19 of the Complaint), and what is lacking in the Complaint is to some extent

2  available in the requests for judicial notice filed by various Defendants.

3       The following seven properties ("the Properties"), each located in Fallon, Nevada, are the

4  subject matter of this suit, (*see* Compl. ¶ 34, Sept. 24, 2009, ECF No. 1; First Supplement to

5  Request for Judicial Notice ("FSRJN"), Nov. 18, 2009, ECF No. 19):

| Date | Address | Mortgagee(s) | Lender | Loan Amount | Trustee on DOT |
|---|---|---|---|---|---|
| 1/26/05 | 748–750 N. Maine St. | Linda Duncan | Wells Fargo | 1st Note: $199,000 2nd Note: $25,000 | (not alleged) |
| 2/11/05 | 1081 Liberty | Dennis Duncan | First Horizon | (not alleged) | (not alleged) |
| 5/20/05 | 1990 Hillsboro Blvd. | Dennis Duncan | First Horizon | (not alleged) | (not alleged) |
| 8/31/05 | 1890/1900 Hillsboro Blvd. | Dennis Duncan | Greenpoint | $127,200 | Marin Conveyancing Corp. |
| 8/31/05 | 485 S. Russell St. | Dennis Duncan | Greenpoint | $96,000 | Marin Conveyancing Corp. |
| 4/10/06 | 525 Drumm Ln. | Dennis and Linda Duncan | Countrywide | $120,000 | Recontrust |
| 11/22/06 | 4825 Edwards Ln. | Dennis Duncan | Countrywide | 1st Note: $248,000 2nd Note: $31,000 | Recontrust (both deeds of trust) |

21       Plaintiffs sued Defendants Countrywide Home Loans, Inc.; Countrywide Financial Corp.;

22  Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America

23  Corp., N.A.; Recontrust Co., N.A.; Baytek Mortgage, Inc.; First Horizon Home Loans Corp.;

24  Wells Fargo; Greenpoint Mortgage Funding, Inc.; Velvet Silver; Kim Caldwell; and Ronda

25  Plamondon in state court, asserting fourteen causes of action.  Defendants removed.  The case

1  was transferred to MDL Case No. 2119 in the District of Arizona, and this Court stayed the case

2  pending remand back from the MDL.  In accordance with the Judicial Panel on Multidistrict

3  Litigation's partial remand order, Judge Teilborg has determined that the first cause of action and

4  part of the third, fourth, and tenth through twelfth causes of action (insofar as they do not concern

5  MERS) have been remanded to this Court. (*See* Am. Order 8:16–17, June 4, 2010, ECF No. 35).

6  The Court may therefore rule on the following causes of action without a risk of inconsistent

7  rulings by the MDL court: (1) Unfair Lending Practices Under Nevada Revised Statutes ("NRS")

8  Section 589D.100; (3) Injunctive Relief; (4) Declaratory Relief; (10) Civil Conspiracy; (11)

9  Racketeering Under NRS Section 207.470; and (12) Unjust Enrichment.

10  **II.    LEGAL STANDARDS**

11        **A.    Remand for Lack of Subject Matter Jurisdiction**

12        Federal courts are courts of limited jurisdiction, possessing only those powers granted by

13  the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)

14  (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The party

15  asserting federal jurisdiction bears the burden of overcoming the presumption against it.

16  *Kokkonen*, 511 U.S. at 377.  Federal Rule of Civil Procedure 12(b)(1) provides an affirmative

17  defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Additionally, a court

18  may raise the question of subject matter jurisdiction sua sponte at any time during an action.

19  *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).  Regardless of who raises

20  the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must

21  dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing

22  16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

23        A district court's jurisdiction extends to cases removed from state court under particular

24  circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original

25  jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

1   United States shall be removable without regard to the citizenship or residence of the parties.

2   Any other such action shall be removable only if none of the parties in interest properly joined

3   and served as defendants is a citizen of the State in which such action is brought."). In cases

4   removed from state court, a federal court later finding a lack of subject matter jurisdiction does

5   not dismiss, but must remand to state court. 28 U.S.C. § 1447(c). A decision to remand a case

6   removed on any other basis than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not

7   reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

8           A defect in removal exists where jurisdiction is predicated purely on diversity and one or

9   more defendants is a citizen of the forum state. *See* § 1441(b). This is the "forum defendant"

10  rule. However, the citizenship of a defendant who has been fraudulently joined is discounted.

11  *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Where fraudulent joinder is

12  alleged, a court does not take the allegations of citizenship in the complaint as true but permits

13  the defendant seeking removal to present facts showing fraudulent joinder. *See id.* "Joinder is

14  fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the

15  failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris* USA, 582

16  F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in

17  original).

18  **B.    Rule 12(b)(6)**

19          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

20  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

22  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

23  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

24  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

25  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

1    failure to state a claim, dismissal is appropriate only when the complaint does not give the

2    defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

3    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

4    sufficient to state a claim, the court will take all material allegations as true and construe them in

5    the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

6    Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

7    conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

8    *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

9    with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

10   is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v.*

11   *Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

12          "Generally, a district court may not consider any material beyond the pleadings in ruling

13   on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

14   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

15   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents

16   whose contents are alleged in a complaint and whose authenticity no party questions, but which

17   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

18   motion to dismiss" without converting the motion to dismiss into a motion for summary

19   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

20   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

21   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

22   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

23   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

24   2001).

25   ///

III.    **ANALYSIS**

A.      **Motions to Remand and to Stay**

The Court denies the motion to remand.  Plaintiffs have sued three non-diverse, forum-resident Defendants: Silver, Calwell, and Plamondon (collectively, "the Individual Defendants"). The Individual Defendants are fraudulently joined, however, and their joinder therefore does not defeat diversity.

An agent is personally liable to third parties for his own torts, regardless of whether he is acting on behalf of a corporate principal within the scope of his employment, but unless the agent and the third party agree, the agent is not liable on contracts entered into by the agent on behalf of the principal where the principal is disclosed. *See* Restatement (Third) of Agency § 7.01 & cmt. b (2006).  Agents in Nevada can be personally liable in tort for misrepresentations they make to third parties. *See Nev–Tex Oil & Gas v. Precision Rolled Prods.*, 782 P.2d 1311, 1311 (Nev. 1989) (citing *Carrell v. Lux*, 420 P.2d 564, 576 (Ariz. 1966); *Pentecost v. Harward*, 699 P.2d 696, 699 (Utah 1985)).  Although the Nevada Supreme Court has not directly ruled on the question, the states appear to be in agreement that an agent cannot be liable on a contract entered into on behalf of a principal where the agent has disclosed the principal. *See, e.g., Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex. 1985); *Rathbon v. Budlong*, 15 Johns. 1, 2–3 (N.Y. 1818) (holding that an employee of a company could not be not liable in contract for actions taken on behalf of corporation).

The Individual Defendants cannot be liable in contract here, because they are alleged only to have acted in their capacity as agents for institutional Defendants.  Furthermore, they are alleged only to have "participated in the procurement, drafting, or presentment of the documents and transactions creating the causes of action alleged herein."  This is not enough to state a tort claim against these individuals under *Iqbal* and *Twombly* because it is not a tort to "participate[] in the procurement, drafting, or presentment of [loan and mortgage] documents."  There are no

Page 6 of 11

1   factual allegations indicating how these Defendants are liable for any tort due to this activity.  It

2   is consistent with the Complaint that the Individual Defendants merely handed papers to

3   Plaintiffs to sign, without even knowing much about what was in them or having any intent to

4   defraud.  It is also consistent with the Complaint that they merely printed copies of the

5   documents or performed some other innocuous task touching upon the documents that would not

6   possibly give rise to tort liability.  Finally, the causes of action currently before the Court fail on

7   the merits under Rule 12(b)(6) even as against the institutional Defendants.

8          The Court finds that the Individual Defendants are fraudulently joined and denies the

9   motion to remand.  Even if remand were otherwise appropriate, part of the case is still pending

10  before the MDL in the District of Arizona, and a remand order applying only to certain causes of

11  action in the case would be a procedural catastrophe.  Finally, the motion to stay is denied as

12  moot because it simply requests a stay until a ruling on the present motion to remand.

13         **B.      Motion to Amend**

14         The Court denies the motion to amend the Complaint.  The motion was filed on July 10,

15  2010, approximately eight months after the first motion to dismiss was filed.  There is no good

16  cause excusing the delay.  Plaintiffs desire to amend the Complaint to remove any hint of a

17  federal question in order to further support their motion to remand.  However, the motion to

18  remand is denied in any case because there is diversity jurisdiction notwithstanding any alleged

19  lack of federal question jurisdiction.  Amendment to remove questions of federal law in order to

20  destroy federal jurisdiction is therefore futile.

21         **C.      Motions to Dismiss**

22         **1.      Unfair Lending Practices Under NRS Section 589D.100**

23         Plaintiffs purchased hundreds of thousands of dollars worth of homes (at least seven

24  properties related to the present Complaint alone) with the legitimate goal of profiting from

25  rising home prices.  They now allege—after the housing bubble burst—that they were preyed

1   upon because the lender didn't scrutinize their income closely enough.  Plaintiffs obtained the

2   loans in the present case between January 2006 and November 22, 2006.  The statute of

3   limitations under section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the

4   present case was brought on September 24, 2009.  The statute of limitations therefore bars this

5   cause of action as to all of the Properties except that located at 4825 Edwards Ln.  Plaintiffs

6   argue for equitable tolling, but Plaintiffs clearly knew both their actual income and the amount

7   they reported at the time they reported it.

8          Section 598D.100 was amended in 2007, with an effective date of June 13, 2007. *See*

9   2007 Nev. Stat. 2844–46.  Therefore, the pre-2007 version of the statute applies to the present

10  case.  The prior statute, which applies here, made it actionable if a lender made "a home loan to a

11  borrower based solely upon the equity of the borrower in the home property and without

12  determining that the borrower has the ability to repay the home loan from other assets . . . ." Nev.

13  Rev. Stat. § 598D.100 (2006).  Plaintiffs have not alleged facts indicating a violation of the

14  statute but have simply alleged in conclusory fashion that Defendants violated it. (*See* Compl.

15  ¶ 59).  This is insufficient; Plaintiffs must "alleg[e] specific facts showing how Defendants failed

16  to adhere to this statutory requirement . . . ." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp.

17  1254, 1259–60 (D. Nev. 2009) (Hunt, C.J.) (dismissing a claim under the post-2007 version of

18  the statute).  Much of this cause of action is based on a claim that the lender did not properly

19  explain MERS' role.  Plaintiffs also claim that the loans were based on "stated income" with no

20  verification of that income. (*See id.*).  Plaintiffs fail to allege whether they in fact incorrectly

21  stated their own income on the loan documents. (*See id.*).  Moreover, the statute does not require

22  any particular verification method, but only a determination of the ability of the borrower to

23  repay from assets other than an estimated future increase in equity.  Plaintiffs appear to admit

24  that the lender gave them the loan based on the income they reported.  This is sufficient under the

25  statute.  "The lender should have known I was lying about my income" is not a particularly

1    convincing argument, at least not under the pre–2007 version of the statute. A lender has the

2    right to presume the borrower is not lying on his application. The lender bears the risk in this

3    regard, because the lender will realize the loss upon foreclosure. Such a practice may indeed be

4    reckless, but it is reckless on the part of both the lender and the borrower, and the lender may

5    bear this risk if it wishes to. Under the post-2007 version of the statute, which requires a

6    "commercially reasonable means" of determining the ability to repay, an argument could be

7    made that a lender who does not verify stated income beyond the signature of the borrower has

8    not fulfilled its duties under the statute, but the pre-2007 version of the statute applies in this

9    case.

10        Also, as Defendants note, the pre-2007 statute did not apply to mortgages that qualified as

11   residential mortgage transactions under HOEPA, as here, where a security interest is retained

12   against the property to finance its acquisition or construction. *See* Nev. Rev. Stat, § 598D.040

13   (2005); 15 U.S.C. § 1602(aa)(1), (w). The Court dismisses this cause of action.

14        **2.     Injunctive and Declaratory Relief**

15        Because the underlying causes of action will be dismissed, these causes of action will also

16   be dismissed (as to the non-MERS Defendants).

17        **3.     Civil Conspiracy**

18        "An actionable civil conspiracy is a combination of two or more persons who, by some

19   concerted action, intend to accomplish some unlawful objective for the purpose of harming

20   another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622

21   (Nev. 1994) (citing *Wise v. S. Pac. Co.*, 35 Cal. Rptr. 652 (Ct. App. 1963); *Bliss v. S. Pac. Co.*,

22   321 P.2d 324 (Or. 1958)). A corporation cannot conspire with its employees in their official

23   capacities. *Id.*

24        Plaintiffs allege a conspiracy between the institutional Defendants, but they allege no

25   specific agreement. Plaintiffs allege only that one or more Defendants failed to inform "Nevada

1  mortgagors" of their rights. (*See* Compl. ¶ 119). This alleges no agreement, much less an

2  agreement to engage in unlawful activity, and it does not even identify Plaintiffs as the particular

3  victims of the alleged conspiracy. Next, Plaintiffs allege that several Defendants "continue to

4  eject Nevadans from their homes notwithstanding knowledge of their own illegal conduct and

5  unclean hands . . . ." (*Id.*). This does not cure the deficiencies. No agreement is pled. The Court

6  dismisses this cause of action (as to the non-MERS Defendants).

7         **4.  Racketeering Under NRS Section 207.470**

8        Under Nevada's RICO statute, a private party can bring a civil action for treble damages,

9  attorney's fees, and costs for injures sustained by a violation of section 207.400. *See* Nev. Rev.

10  Stat. § 207.470. Plaintiffs allege Defendants engaged in racketeering. Plaintiffs, however,

11  nowhere identify which unlawful act under section 207.400 they believe Defendants committed.

12  Plaintiffs simply quote the definition of "racketeering" under section 207.390 and allege that

13  Defendants engaged in racketeering through predatory lending practices. Plaintiffs have not

14  identified two predicate offenses required to constitute "racketeering." *See* § 207.390. Such

15  crimes include murder, manslaughter, mayhem, certain batteries, kidnapping, sexual assault,

16  arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery, assault with a

17  deadly weapon, certain frauds, etc. *See* § 207.360. If the predicate acts are intended to be frauds,

18  they are not pled sufficiently under Rule 12(b)(6), much less under Rule 9(b). The Court

19  dismisses this cause of action (as against the non-MERS Defendants).

20         **5.  Unjust Enrichment**

21        In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a

22  benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the

23  defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances

24  where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp.,*

25  *Inc. v. Robert L. Brooks Trust,* 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v.*

1    *McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo.

2    1967))).  Unjust enrichment is an equitable substitute for a contract, and an action for unjust

3    enrichment therefore cannot lie where there is an express written agreement. *See Marsh*, 839

4    P.2d at 613 (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d

5    *Restitution* §§ 6, 11 (1973)).

6            Here, Plaintiffs specifically allege contracts.  Those contracts, the notes and deeds of

7    trust, specify their terms.  Contracts exist governing the relationship between Plaintiffs and

8    Defendants.  Plaintiffs do not allege any benefit bestowed upon any Defendant that is not subject

9    to a contract.  The Court dismisses this cause of action (as against the non-MERS Defendants).

10                                        **CONCLUSION**

11           IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 13) is DENIED.

12           IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 14) is DENIED as moot.

13           IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 49) is DENIED.

14           IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 5, 27, 39, 41, and

15   43) are GRANTED as to the first cause of action with respect to all Defendants, GRANTED the

16   as to third, fourth, and tenth through twelfth causes of action with respect to the non-MERS

17   Defendants, and DENIED as to the remaining causes of action for lack of jurisdiction, as these

18   currently remain with Judge Teilborg in Case No. 2:09-md-02119-JAT in the District of Arizona.

19           IT IS SO ORDERED.

20           Dated: December 28, 2010

21

22                                        ROBERT C. JONES
                                          United States District Judge

23

24

25